**David Michael UNTIED,**
**Plaintiff–Appellant,**

v.

**CIT GROUP CONSUMER FINANCE,**
**INC., et al., Defendants–**
**Appellees.**

**No. 00–4512.**

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.*

David Michael Untied, an Ohio litigant proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This case arises out of Untied's default on his obligation under a mortgage with respect to property located at 501 Wheeler Drive, Duncan Falls, Ohio. Untied's default resulted in the defendant, CIT Group/Consumer Finance, Inc. ("CIT") initiating a complaint for foreclosure in the Muskingum County Court of Common Pleas in Muskingum County, Ohio. The foreclosure proceedings were handled by defendants Mapother & Mapother and attorneys Brian E. Chapman and Vincent A. Dimasi ("the Mapother defendants"). Untied filed

an answer and counterclaim to the complaint for foreclosure on October 28, 1998.

The Muskingum County Court of Common Pleas entered judgment against Untied and in favor of CIT. CIT then prepared the property for sale. CIT bid on the property and purchased it for $35,000. To date, Untied has not appealed the entry of judgment against him or the order confirming the sale to CIT.

On July 11, 2000, Untied filed his civil rights action in the United States District Court for the Southern District of Ohio against the Mapother defendants as well as CIT, Preferred Credit, Inc., and Charles F. Knapp, the presiding judge in the foreclosure proceeding. Untied claims that the Muskingum County Court of Common Pleas lacked jurisdiction over the foreclosure proceedings and that the defendants violated his rights under the First, Fifth, Seventh, Ninth and Fourteenth Amendments to the United States Constitution by "knowingly and maliciously conspir[ing] against [him] with the purpose to deprive [him] of property without due process ...." Untied sought declaratory, injunctive and monetary relief. The defendants filed a motion to dismiss. The district court granted the motion after concluding that it lacked subject matter jurisdiction over Untied's claims. This timely appeal followed.

█ This court reviews de novo the dismissal of a complaint for lack of subject matter jurisdiction. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 544 (6th Cir. 1991). The district court appropriately concluded that it lacked jurisdiction over Untied's complaint because the claims challenged the adequacy and result of state court proceedings that resolved the foreclosure sale of the subject property.

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

*See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Blanton v. United States,* 94 F.3d 227, 233–34 (6th Cir.1996). Under the *Rooker–Feldman* doctrine, it would have been improper for the federal district court to exercise jurisdiction over this case, which is the functional equivalent of an appeal from a state court judgment. *See also Valenti v. Mitchell,* 962 F.2d 288, 296 (3d Cir.1992) (holding that a party cannot escape *Rooker–Feldman* by raising a new constitutional theory in federal court unless the party lacks a realistic opportunity to fully and fairly litigate the constitutional claim in the state court proceeding).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.